(No. 5096▮▮▮)

KATHERINE ELIZABETH GASPER, Surviving Widow of ROBERT GASPER, Deceased, Individually, and as Mother and next friend of KIP E. GASPER and BRAD A. GASPER, Surviving Children of ROBERT GASPER, Deceased, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

JOHN E. CASSIDY, JR., Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Katherine Elizabeth Gasper, as surviving spouse, and mother and next of kin of two minor children, brings her action in the Court of Claims pursuant to the provisions of Chap. 129, Sec. 220.53, Ill. Rev. Stats. Claimants seek to recover under that provision of statute, as the result of the death of their husband and father, Major Robert Gasper, who was killed while in the performance of his duty as a pilot for the Illinois Air National Guard.

On January 18, 1963, Robert Gasper, a Major in the Illinois Air National Guard, was killed while flying an F-84F jet fighter plane approximately twelve miles northwest of the City of Springfield, Illinois. At the time of his death Major Gasper was a Tactical Fighter Pilot and Operations Officer of the 169th Tactical Fighter Squadron, a unit of the

Illinois Air National Guard, and he was engaged in a training flight from the Greater Peoria Airport over the local Springfield area pursuant to a flight order, which was signed by George H. Mason, Major, Illinois Air National Guard, Commander of the 169th Tactical Fighter Squadron. Major Gasper's plane crashed for unknown reasons at approximately 8:00 P.M. on January 18, 1963. His duty status at the time of the accident was "Inactive duty for training. Authority: Section 502, Title 32, United States Code." Claimants are Katherine Elizabeth Gasper, widow of Robert Gasper, individually, and as mother and next friend of Kip E. Gasper, a son, born on October 5, 1953, and Brad A. Gasper, a son, born on July 30, 1955.

It is claimants contention that they are entitled to recover the maximum amount allowed for death pursuant to the provisions of Chap. 129, Sec. 220.53, as stated hereinabove, and seek to recover the sum of $15,000.00 as the maximum amount, which would be allowed for death under the Illinois Workmen's Compensation Act. Claimants cite, in support of their position, two cases previously decided by this Court, *Ward* vs. *State of Illinois*, 24 C.C.R. 229, and *Lott* vs. *State of Illinois*, 24 C.C.R. 336.

The only contention before the Court in this case is raised by the Departmental Report of the Adjutant General, which is dated April 15, 1963, and addressed to William G. Clark, Attorney General. From the Departmental Report we cite the following:

"1. At the time of his death, Major Gasper was performing duty in a federal 'Inactive Duty Training' status under Section 502, Title 32, U.S. Code.

"Section 101(23), Title 38, U.S. Code, defines 'Inactive Duty Training' as:

"a. Duty (other than full-time duty) prescribed for Reserves by the Secretary concerned.

"b. Special additional duties authorized for Reserves by an authority designated by the Secretary concerned, and performed by them on a vol-

untary basis in connection with the prescribed training or maintenance activities of the units to which they are assigned.

"In the case of a member of the National Guard or Air National Guard, the term 'Inactive Duty Training' means duty under Sections 316, 502, 503, 504, or 505 of Title 32, U.S. Code."

## The same Departmental Report further states:

"5. Major Robert Gasper AO695051, was a pilot with the 169th Tac. Ftr. Sq., *Ill ANG* (emphasis supplied), from 16 July 61 until his death 18 Jan. 63. He was initially appointed 1st Lt. He was promoted to Captain 1 Nov. 55, and to Major 12 August 60. His duty assignment at the time of his death was Tactical Fighter Pilot and Operations Officer of aforementioned unit."

At the hearing, the Departmental Report was objected to by claimants' counsel insofar as the same related to the conclusions drawn by that Report in which the Adjutant General states as follows:

"Therefore, the duties being performed at time of death in this instance were pursuant to federal authority, as stated in paragraph 1b above, and were not pursuant to orders from the Commander-in-Chief. For this reason, Chap. 129, Sec. 220.53, Ill. Rev. Stats. 1961, cited and quoted as basis for this complaint is incorrect. The orders authorizing the flying training mission in this instance were issued by the unit commander pursuant to the above mentioned federal authority, and were not issued from the Commander-in-Chief (Governor)."

The same Departmental Report clearly indicates that Major Robert Gasper was on Inactive Duty Training, and was a member of the 169th Tactical Fighter Squadron, Illinois Air National Guard. The decedent had previously been activated into federal service on October 1, 1961. He was discharged from such active duty on August 20, 1962. His unit was not federally activated at the time of his death.

This Court cannot accept the contention of the Adjutant General in the Departmental Report of April 15, 1963. Art. V, Sec. 14 of the Constitution of Illinois of 1870 provides as follows:

"The governor shall be commander-in-chief of the military and naval forces of the state (except when they shall be called into the service of the United States), and may call out the same to execute the laws, suppress insurrection, and repel invasion."

Art. XII of the Illinois Constitution relates to Militia, and states at Sec. 3 as follows:

"All militia officers shall be commissioned by the governor, and may hold their commissions for such time as the general assembly may provide."

Chap. 129, Ill. Rev. Stats., is entitled "State Militia," and the major portion of this code was revised by the legislature in 1957. Art. I, State Militia in General, was created to establish in the executive branch of the State Government a principal department, which shall be known as the Military and Naval Department, State of Illinois. It provides that the Illinois State Militia shall be divided into two classes: the organized and the unorganized militia. Art. II of the same statute relates to the organized militia, and states at Sec. 5 thereof as follows:

"The military force of the State is hereby designated the Illinois National Guard, consisting of the Army National Guard and the Air National Guard."

Art. III, Sec. 220.11, provides as follows:

"The governor of the State is commander-in-chief of the military and naval forces of the State."

Chap. 129, Art. VIII, Sec. 220.37, reads as follows:

"The Commander-in-Chief shall make all appointments in the commissioned rank in the Illinois National Guard and Illinois Naval Militia. Commissions evidencing all appointments shall be signed by the Governor and attested and issued by The Adjutant General."

Sec. 220.38 also reads:

"Commissions to officers shall read to a certain grade in a given branch of corps. Assignment to duty in any unit shall be by order of the Commander-in-Chief. The validity of all commissions shall be subject to formal acceptance and the execution of oath of office prescribed by law."

In *Lott* vs. *State of Illinois*, 24 C.C.R. 336, almost identical facts are found except for the time, place, and the person involved. In that case, this Court stated:

"The Departmental Report of the Adjutant General confirms that, at the time of the accident, Lieutenant Lott was performing Inactive Duty Training, and was killed in the line of duty."

In that case, the Court held for claimant.

In a companion case to the Lott case, *William H. Egan* vs. *State of Illinois,* 24 C.C.R. 114, the Departmental Report is set forth in full as follows:

22 June 1959

"Honorable Grenville Beardsley
Attorney General of Illinois
Springfield, Illinois

Dear Sir:

The following comments are made in reply to your request of 6 June 1959 concerning the claim against the State of Illinois made by Mr. William H. Egan (Claim No. 4871).

2d. Lt. Hugh B. Lott, Jr., AO3079986, was appointed and federally recognized in the Illinois Air National Guard on 29 June 1957, with duty assignment as Pilot Tactical Fighter, 169th Tactical Fighter Squadron (Sp. Del.).

Lt. Lott was, as directed by flight order No. 72 (Attachment No. 1), piloting an F-84F Aircraft, Serial No. 526544, which crashed on the property belonging to Mr. Egan at approximately 1320 hours on 14 March 1959.

Lt. Lott at the time of the accident was performing inactive duty training, as authorized under Title 32, United States Code, Section 502. The accident occurred during the landing phase of the flight when Lt. Lott allowed the aircraft to 'stall out' while turning on the final approach for landing. The accident and subsequent damage to Mr. Egan's property is attributable to 'pilot error' on the part of Lt. Lott in not maintaining sufficient air speed and proper altitude of the aircraft to effect a safe landing at Greater Peoria Airport, Peoria, Illinois.

Attachment No. 2 is a report of the aircraft accident investigating officer setting forth all of the facets involved in the accident.

In regard to the above, attention is invited to the opinion of your office, dated 31 July 1947, concerning claims for damage to private property by government aircraft assigned to the Illinois National Guard.

Very truly yours,

LEO M. BOYLE
Maj. Gen., AGC, Ill. ARNG
The Adjutant General"

This Court held in the Egan case that Lt. Hugh B. Lott, Jr., was a member of the Illinois Air National Guard, and on the date of his death was flying a routine training mission.

It is the opinion of this Court that on the 18th day of

January, 1963, at the time of his death, Major Robert Gasper was a member of the Illinois Air National Guard, flying a routine training mission, as directed in flight order No. 11 (claimant exhibit No. 2), which was signed by Major George H. Mason, also of the Illinois Air National Guard. The duty being performed by Major Robert Gasper at the time of his fatal accident was assigned to him by a commissioned officer of the Illinois Air National Guard, and by authority granted to him by the Commander-in-Chief (Governor).

We find that Major Robert Gasper on January 18, 1963 was killed while performing duty in pursuance of orders from the Commander-in-Chief, and we, therefore, award to claimants the sum of $15,000.00.