(No. 81-CC-2109-)

LINDA ROBINSON, Special Administrator of the Estate of Sammie Lee Robinson, deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1981.*

KARLIN & FLEISHER, for Claimant.

TYRONE C. FAHNER, Attorney General (ANDREW R. JARETT, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

Linda Robinson, surviving spouse, brings this action as Special Administrator of the Estate of Sammie Lee Robinson, deceased pursuant to the provisions of the Illinois National Guardsman's and Naval Militiaman's Compensation Act (Ill. Rev. Stat. 1979, ch. 129, par. 401 *et seq.*) hereinafter 'The Act'. Claimant seeks to recover under the Act for the death of her husband, Private Sammie Lee Robinson, who died as the result of injuries sustained in the performance of his duty as a military policeman for the Illinois Army National Guard.

On September 7, 1979, the decedent was on duty as a military policeman, assigned to convoy traffic control. The decedent was riding in a jeep as a passenger, traveling southbound on I-55 to the Joliet Training Area. The convoy was traveling 45 m.p.h., per Army Convoy regulations, when about 10:30 p.m., a civilian vehicle, also traveling southbound, crashed into the jeep in which the decedent was riding as a passenger. The jeep went off the road, crossing the center median, and rolled over twice. The driver was thrown clear of the jeep; however,

the decedent, and another passenger, were trapped inside.

On March 21, 1980, the decedent died. The cause of death being a combination of (a) anoxic encephalopathy; (b) cardio pulmonary arrest, and (c) vomiting and aspiration, all of which resulted from injuries sustained in the crash.

It is clear that the decedent died within one year of injuries sustained from an accidental cause, while on duty as an Illinois Army National Guardsman. Further, that the death was not a result of the willful misconduct or intoxication of the guardsman.

The sole remaining issue before the court is whether Private Robinson was on active military duty pursuant to orders of the President of the United States. This point was addressed square by the Court in *Gasper v. State of Illinois*, 25 Ill. Ct. Cl. 186. In *Gasper* the Court held that a guardsman who suffers a fatal accident, while performing a duty assigned to him by a commissioned officer of the Illinois National Guard (whose authority was granted to him by the Commander-in-Chief (Governor)), while classified under "Inactive Duty Training" status (Section 502, Title 32, U.S.C.) was entitled to recovery.

In the instant case, Respondent has submitted under our Rule 14, a letter dated September 11, 1979, by Capt. Ray Norris, Commander of the Detachment 1, 33d Infantry Brigade, Illinois Army National Guard. In this letter, Capt. Norris states that he authorized the convoy in which Private Robinson suffered the injuries. Capt. Norris further notes that Private Robinson was entitled to pay under Section 502, Title 32, U.S.C.

Thus, under *Gasper*, op. cit., Private Robinson does fall within ambit of the Act.

The court, after reviewing decedent's claim, and the Report of the Attorney General, finds sufficient evidence to determine that this claim is compensable under the Act. Accordingly,

It is hereby ordered that the sum of $20,000.00 (twenty thousand dollars) be, and hereby is awarded Linda Robinson, surviving spouse, and Special Administrator of the Estate of Sammie Lee Robinson, decedent.